UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| BRYONNA PARRILLO, | : |
|     Plaintiff, | : |
| | :    CIVIL ACTION NO.: |
| v. | : |
| | : |
| CITY OF SPRINGFIELD, and | : |
| LEON DAVIS, | : |
|     Defendants. | : |
| | : |

## COMPLAINT AND JURY DEMAND

This is a case about excessive use of force. It features constitutional violations perpetrated by the City of Springfield and Officer Leon Davis. Revelations regarding this misconduct ultimately resulted in the dismissal of Ms. Parrillo's criminal charges, but not before she was subjected to malicious prosecution for crimes she did not commit. Ms. Parrillo now brings this complaint seeking compensation for the harms she suffered as a result of the City of Springfield and Officer Leon Davis' wrongful conduct.

## PARTIES

1. The Plaintiff, Bryonna Parrillo ("Ms. Parrillo") is a natural person residing in Providence, Providence County, Rhode Island.

2. The Defendant, City of Springfield ("the City") is a municipal entity with a principal place of business located at 36 Court Street, Springfield, Hampden County, Massachusetts. At all times relevant to the Complaint, the City maintained and operated the City of Springfield Police Department.

3.  The Defendant, Leon Davis ("Davis") is a natural person residing in the Commonwealth of Massachusetts. At all times relevant to the Complaint, Davis was employed by the City as a police officer. Davis is being sued in his official and individual capacity.

## JURISDICTION AND VENUE

4.  The court has jurisdiction over this action pursuant to 42 U.S.C. §1983, which gives the district court jurisdiction over all civil actions arising from violations of rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

5.  This court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343 which gives the district court jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

6.  This court also has supplemental jurisdiction over the Plaintiff's state law claims, pursuant to 28 U.S.C. §1367.

7.  Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this action occurred in this district.

## FACTUAL ALLEGATIONS

8.  On or about September 29, 2020, and for some time prior thereto, the Defendant Davis was employed by the Defendant, the City as a Springfield Police Officer.

9.  On or about September 29, 2020, Ms. Parrillo was an invitee at the Tower Square Hotel ("the hotel") as a hotel guest.

10. On or about September 29, 2020, the hotel requested Ms. Parrillo to vacate the hotel premises and contacted the Springfield police department to escort her off of the hotel premises.

11. As Ms. Parrillo was packing her belongings in her hotel room, Springfield Police Officers, including the Defendant Davis, pounded on the door to her hotel room and demanded that she immediately vacate the hotel premises.

12. Ms. Parrillo advised Springfield Police Officers, including the Defendant Davis, that she would vacate the hotel room as soon as she finished packing her belongings, but that she needed a few more minutes to vacate her room.

13. Springfield Police Officers, including the Defendant Davis, pried open Ms. Parrillo's hotel room door and forced their way into the hotel room. The Defendant Davis yielded a department issued taser.

14. Immediately upon entry into Ms. Parrillo's hotel room, despite no immediate threat to the officers, the Defendant Davis discharged his department issued taser to Ms. Parrillo's hand, causing her to retract her hand and crouch down in the corner of the room for protection.

15. Ms. Parrillo then put her hands in the air and pleaded with the Defendant Davis to stop because she was pregnant.

16. The Defendant Davis proceeded to discharge his taser into Ms. Parrillo's left shoulder and upper back.

17. Ms. Parrillo continued to plead with the Defendant Davis and again stated that she was pregnant.

18. The Defendant Davis then pushed Ms. Parrillo's face into the wall and again discharged his taser into her upper back.

19. At least two other unidentified Springfield Police Officers stood by and watched as Ms. Parrillo was tasered by the Defendant Davis, and failed to intervene.

20. Ms. Parrillo was then handcuffed and arrested on criminal charges of disorderly conduct and threat to commit a crime.

21. At no time prior to the Defendant Davis tasering Ms. Parrillo did Ms. Parrillo pose a threat to or come in contact with the Defendant Davis.

22. On May 11, 2021, the Hampden County District Attorney's office filed a Nolle Prosequi on Ms. Parrillo's criminal charges of disorderly conduct and threat to commit a crime.

23. As a direct and proximate result of the Defendant Davis' conduct, Ms. Parrillo has suffered and continues to suffer from, inter alia: scarring and disfigurement, emotional distress, depression, anxiety, and post-traumatic stress disorder.

## COUNT I
### Unreasonable Seizure, Detention, and Arrest – Violation of 42 U.S.C. §1983
### (Leon Davis and City of Springfield)

24. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 – 23 of the Complaint and, by reference incorporates the same herein.

25. At all times relevant to the Complaint, the Defendant Davis was acting under the color of law in his capacity as a Springfield Police Officer.

26. The Defendant Davis detained and arrested the Plaintiff in violation of her right to be secure in her person against unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

27. The Defendant Davis seized, detained, and arrested the Plaintiff without reasonable suspicion or probable cause.

28. The Defendant Davis' conduct was willful, wanton, malicious, and done with reckless disregard for the rights and safety of the Plaintiff and therefore warrants the imposition of punitive damages.

## COUNT II
### Unreasonable Seizure – Excessive Force in Violation of 42 U.S.C. §1983
### (Leon Davis & City of Springfield)

29. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 – 28 of the Complaint and, by reference incorporates the same herein.

30. At all times relevant to the Complaint, the Defendant Davis was acting under the color of law in his capacity as a Springfield Police Officer.

31. The Defendant Davis' unjustified use of force on the Plaintiff deprived the Plaintiff of her right to be secure in her persons against unreasonable searches and seizures as guaranteed to the Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

32. As a result of the Defendant Davis' conduct, the Plaintiff suffered scarring and disfigurement, emotional distress, and depression, anxiety, and post-traumatic stress disorder.

33. The conduct of the Defendant Davis was willful, wanton, malicious, and done with reckless disregard for the rights and safety of the Plaintiff and therefore warrants the imposition of punitive damages.

## COUNT III
### Municipal Liability – Unconstitutional Custom & Policy –
### *Monell* Violation of 42 U.S.C. §1983
### (City of Springfield)

34. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 – 33 of the Complaint and, by reference incorporates the same herein.

35. On and for some time prior to September 29, 2020, the Defendant the City deprived the Plaintiff of the rights and liberties secured to her by the Fourth and Fourteenth Amendments to the United States Constitution, in that the Defendant the City and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of the Plaintiff by knowingly maintaining, enforcing, and applying an official recognized custom, policy, and practice of:

    (a) Employing and retaining police officers and other personnel, including the Defendant Davis, whom the Defendant the City knew or should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written police department policies;

    (b) Inadequately supervising, training, controlling, assigning, and discipling police officers, and other personnel, who the Defendant, the City, knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

    (c) By failing to adequately train and supervise officers, including the Defendant Davis, and failing to institute appropriate policies, regarding the use of excessive force;

    (d) By having and maintaining an unconstitutional policy, custom, and practice of using excessive force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of the Defendant, the City, were done with deliberate indifference to individuals' safety and rights;

(e) Inadequately training the Defendant the City's police officers, including the Defendant Davis; and

(f) By failing to implement adequate policies and procedures that would prevent the malicious prosecution and filing of false allegations and police reports following the discovery of information that would exculpate a criminal defendant.

36. As a result of the aforementioned inadequate customs and policies of the Defendant, the City, the Plaintiff suffered scarring and disfigurement, emotional distress, and depression, anxiety, and post-traumatic stress disorder.

37. The Defendant, the City, is liable to the Plaintiff for compensatory damages under 42 U.S.C. §1983.

## COUNT IV
**Massachusetts Tort Claims Act – M.G.L. c. 258 §§ 2 & 4**
**(City of Springfield)**

38. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 – 37 of the Complaint and, by reference, incorporates the same herein.

39. At all times relevant to the Complaint, the Defendant Davis was acting in the course and scope of his employment as a Springfield Police Officer for the Defendant the City.

40. At all times relevant hereto, the Defendant Davis owed a duty to the Plaintiff to ensure she was not harmed or injured while being taken into custody and while she was actually in custody.

41. The Defendant Davis breached his duty of care to the Plaintiff by using excessive force which resulted in substantial injury to the Plaintiff.

42. As a direct and proximate result of the Defendant Davis' breaches of duty of care, the Plaintiff suffered scarring and disfigurement, emotional distress, and depression, anxiety, and post-traumatic stress disorder.

43. On February 21, 2021, Plaintiff's counsel served the City of Springfield and the Springfield Police Department with a presentment letter pursuant to the Massachusetts Tort Claims Act [Massachusetts General Laws Chapter 258, Section 4], by and through Mayor Dominic Sarno, City Solicitor Edward Pikula, and Springfield Police Commissioner Cheryl Clapprood.

44. To date, the Defendant the City has not made an offer to resolve this case.

## COUNT V
## Malicious Prosecution
### (Leon Davis & City of Springfield)

45. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 – 44 of the Complaint and, by reference incorporates the same herein.

46. The Defendants Davis and the City commenced a criminal prosecution against the Plaintiff in the Springfield District Court on one count of Disorderly Conduct.

47. The Plaintiff did not, at any time relevant to the facts of this case, ever engage in either fighting or threatening, violent or tumultuous behavior, nor did she create a hazard or physically offensive condition by an act that served no legitimate purpose; nor did she intend to cause the public inconvenience, annoyance, or alarm, or recklessly create a risk of public inconvenience, annoyance or alarm.

48. The Defendants Davis and the City commenced a criminal prosecution against the Plaintiff knowing and/or having reason to know that they lacked probable cause.

49. The Defendants Davis and the City commenced a criminal prosecution against the Plaintiff with malicious intent toward the Plaintiff.

50. As a direct and proximate result of the Defendants Davis and the City's malicious prosecution the Plaintiff was forced to retain private counsel to defend the charges against her.

## COUNT VI
**Assault and Battery**
**(Leon Davis)**

51. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 – 50 of the Complaint and, by reference, incorporates the same herein.

52. The Defendant Davis intentionally touched Ms. Parrillo's person without legal justification or excuse.

53. Ms. Parrillo did not consent to the Defendant Davis touching her person.

54. To the extent the Defendant Davis was justified in touching Ms. Parrillo's person, the degree of force he used was excessive and unreasonable.

55. As a direct and proximate result of the Defendant, Davis', wrongful conduct, Ms. Parrillo has suffered and will continue to suffer severe pain of body and anguish of mind; has incurred and will continue to incur medical bills for reasonable and necessary medical treatment, and has suffered and will continue to suffer a disruption in her daily activities and a diminished quality of life.

## COUNT VII
**Intentional Infliction of Emotional Distress**
**(Leon Davis)**

56. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-55 of the Complaint and, by reference, incorporates the same herein.

57. At all times relevant hereto, the Defendant Davis intended to cause Ms. Parrillo harm which would foreseeably result in emotional distress and knew or should have known his conduct towards Ms. Parrillo would cause her severe emotional distress.

58. The aforesaid conduct by the Defendant Davis was extreme, outrageous, beyond the bounds of decency, and likely to result in causing Ms. Parrillo severe emotional distress which Ms. Parrillo did in fact suffer and continues to suffer.

59. As a direct and proximate result of the aforesaid actions and omissions of the Defendant Davis, Ms. Parrillo suffered severe pain of body and anguish of mind and was otherwise damaged.

### COUNT VIII
### Negligent Infliction of Emotional Distress
### (Leon Davis & City of Springfield)

60. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-59 of the Complaint and, by reference, incorporates the same herein.

61. At all times relevant hereto, the Defendants owed a duty to Ms. Parrillo to ensure she was not unduly harmed or injured while being taken into custody and while she was actually in custody.

62. At all times relevant hereto, the Defendant Davis was acting in the course and scope of his employment as a police officer for the Defendant, the City.

63. The Defendant Davis breached his duty of care to Ms. Parrillo by using unnecessary and excessive force which resulted in substantial injury to Ms. Parrillo.

64. As a direct and proximate result of the Defendant Davis' unnecessary and excessive use of force, Ms. Parrillo suffered and continues to suffer from severe emotional distress including but not limited to: depression, post-traumatic stress disorder, and anxiety.

WHEREFORE, the Plaintiff requests this Court enter judgment against the Defendants jointly and severally on all counts of this Complaint and where appropriate:

a. Award compensatory damages;

b. Award punitive damages;

c. Award interest and costs of this action to the Plaintiff;

d. Award attorneys' fees to the Plaintiff; and

e. Award such other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

The Plaintiff, Bryonna Parrillo,
By and through her attorneys,

Dated: September 23, 2022

*/s/ Raipher D. Pellegrino*
Raipher D. Pellegrino, Esquire
BBO#: 560614
E-mail: rdp@raipher.com
Taylor S. Lavallee, Esquire
BBO#: 703603
E-mail: tsl@raipher.com
Raipher, P.C.
265 State Street
Springfield, MA 01103
Tel. No.: (413) 746-4400
Fax. No.: (413) 746-5353